IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| CENTRAL FREIGHT LINES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 08-331 |
| | ) | (Judge Firestone) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANTS' MOTION TO DISMISS**

Pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC"), defendant, the United States, respectfully requests that the Court dismiss the complaint of plaintiff, Central Freight Linc, Inc.'s ("Central"), in the above-captioned case because the Court does not possess subject matter jurisdiction to entertain Central's claims. In support of this motion, we rely upon Central's complaint and the following memorandum of law.

**MEMORANDUM OF LAW**

**ISSUES PRESENTED**

1. Whether Central has alleged the existence of an express or implied contract with the United States such that this Court would possess jurisdiction to entertain Central's claims.

2. Whether Central has demonstrated or sufficiently alleged privity of contract with the Government, or an exception to that prerequisite for suit against the Government.

3. Whether this Court possesses jurisdiction to entertain Central's claim based upon unjust enrichment.

## STATEMENT OF THE CASE AND STATEMENT OF FACTS

The facts that are pertinent to our motion to dismiss are not, for the purposes of our motion, in dispute.[1] Plaintiff, who purports to provide trucking services, alleges that a contractual relationship existed between the United States and Dispatch Services ("Dispatch") pursuant to which Dispatch provided transportation services to the military to move freight and household items for service members. See Compl. at ¶ 4. According to Central, it provided trucking services, through Dispatch, to the United States Department of Defense's ("DoD") Transportation Command and Surface Deployment and Distribution Command. Id. The complaint asserts two claims for relief: open account and unjust enrichment. Id. The first claim appears to be premised on a contract between the United States and Dispatch; the complaint does not allege privity of contract between the plaintiff and the United States. See generally id. The second claim seeks an equitable remedy. See generally id. Plaintiff seeks $172,089.93 in damages from either the United States or from Dispatch. See Id. at ¶ 8.

## SUMMARY OF THE ARGUMENT

This Court should dismiss the complaint because it does not possess subject matter jurisdiction. Central has failed to demonstrate, or sufficiently allege, facts to establish that this Court possesses jurisdiction to entertain Central's claims. Central has failed to allege facts that support the existence of any express or implied contract between Central and the Government that would serve as the basis for a valid claim against the Government. Nor has Central alleged any facts that would demonstrate that it was either in privity of contract with the Government or

[1] For purposes of this motion only, we accept as true certain factual allegations set forth in the complaint. Should this motion be denied, we reserve the right to controvert any and all allegations in the complaint not admitted in our answer.

that the circumstances warrant application of any exception to that requirement. Finally, this Court does not possess jurisdiction to entertain Central's unjust enrichment claim. Therefore, this Court should dismiss the complaint pursuant to RCFC 12(b)(1).

## ARGUMENT

### I. The Standard Of Review For Dismissal For Lack Of Subject Matter Jurisdiction

Subject matter jurisdiction may be challenged at any time by the parties, by the Court sua sponte, or upon appeal. Booth v. United States, 990 F.2d 617, 620 (Fed. Cir. 1993). Once jurisdiction is challenged by the Court or the opposing party, the plaintiff bears the burden of establishing jurisdiction. McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1936). A plaintiff must establish jurisdiction by a preponderance of the evidence. Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988); Alaska v. United States, 32 Fed. Cl. 689, 695 (1995), appeal dismissed, 86 F.3d 1178 (Fed. Cir. 1996). "Determination of jurisdiction starts with the complaint, which must be well-pleaded in that it must state the necessary elements of the plaintiff's claim, independent of any defense that may be interposed." Holley v. United States, 124 F.3d 1462, 1465 (Fed. Cir. 1997). "In ruling on a motion to dismiss for lack of jurisdiction, the court is not confined to an examination of the complaint, but may take into account 'evidentiary matters outside the pleadings.'" Thomas v. United States, 34 Fed. Cl. 619, 621 (1995) (quoting Indium Corp. of Am. v. Semi-Alloys, Inc., 781 F.2d 879, 884 (Fed Cir. 1985)), aff'd, 101 F.3d 714 (Fed. Cir. 1996) (table).

When deciding a motion to dismiss based upon either lack of subject matter jurisdiction or failure to state a claim, this Court must assume that all undisputed facts alleged in the complaint are true and must draw all reasonable inferences in the plaintiff's favor. Scheuer v.

Rhodes, 416 U.S. 232, 236 (1974); see also Henke v. United States, 60 F.3d 795, 797 (Fed. Cir. 1995); Hamlet v. United States, 873 F.2d 1414, 1416 (Fed Cir. 1989). If a defendant challenges the jurisdiction of the Court, however, the plaintiff cannot rely merely upon allegations in the complaint, but must instead bring forth relevant, competent proof to establish jurisdiction. McNutt, 298 U.S. at 189.

It is well-established that the United States Court of Federal Claims is a court of limited jurisdiction. Inter-Coastal Xpress, Inc. v. United States, 296 F.3d 1357, 1365-66 (Fed. Cir. 2002). Absent congressional consent to entertain a claim against the United States, the Court lacks authority to grant relief. United States v. Testan, 424 U.S. 392, 399 (1976); United States v. Sherwood, 312 U.S. 584, 586 (1941). "Waivers of the Government's sovereign immunity, to be effective, must be unequivocally expressed" and its "consent to be sued must be construed strictly in favor of the sovereign and not enlarge[d] . . . beyond what the language requires." United States v. Nordic Village, Inc., 503 U.S. 30, 33-34 (1992) (citations and internal quotation marks omitted). As the United States Court of Appeals for the Federal Circuit has stated, "[i]n construing a statute waiving the sovereign immunity of the United States, great care must be taken not to expand liability beyond that which was explicitly consented to by Congress." Fidelity Construction Co. v. United States, 700 F.2d 1379, 1387 (Fed. Cir. 1983), cert. denied, 464 U.S. 826 (1983).

The central provision granting consent to suit in this Court is the Tucker Act, 28 U.S.C. § 1491. Testan, 424 U.S. at 397; Aetna Casualty & Surety Co. v. United States, 655 F.2d 1047, 1051 (Ct. Cl. 1981). Pursuant to the Tucker Act, an action may be maintained only if it is "founded either upon the Constitution or any Act of Congress, or any regulation of an executive

department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). The Tucker Act itself creates no substantive right of recovery against the United States. Testan, 424 U.S. at 398. Rather, the Act only confers jurisdiction upon the Court when there is an existing substantive right to money currently due and owing. Id. Thus, to establish that this Court possesses jurisdiction over its case, plaintiff must allege, and demonstrate with relevant, competent proof, a claim for money damages that must arise from a violation of the Constitution, a statute or regulation, or contractual rights which may be fairly interpreted as requiring the payment of compensation by the United States. Testan, 424 U.S. at 401-02.

## II. Central Has Neither Alleged Nor Established The Elements Of An Express Or Implied-In-Fact Contract With The United States

To establish the existence of either an express or implied-in-fact contract with the United States, Central must demonstrate: (1) mutual intent to contract; (2) consideration; (3) lack of ambiguity in an offer and acceptance; and (4) actual authority on the part of the Government representative to bind the United States in contract. See Harbert/Lummus Agrifuels Projs. v. United States, 142 F.3d 1429, 1434 (Fed. Cir. 1998); City of El Centro v. United States, 922 F.2d 816, 820 (Fed. Cir. 1990). To prove an implied-in fact contract, Central must establish all of the above elements by alleging conduct from which the existence of a contract can be inferred. See City of Cincinnati v. United States, 153 F.3d 1375, 1377 (Fed. Cir. 1998) (citations omitted); Town of Floyd v. United States, 34 Fed. Cl. 170, 172-173 (1995). Even liberally construed, Central's complaint fails to demonstrate, or even allege, any of the required elements to establish an express or implied-in-fact contract with the Government.

First, Central's complaint does not allege conduct demonstrating mutual intent by both parties to enter into a contract. "The mere conferring of a benefit on the government does not create an implied-in-fact contractual relationship. Implied-in-fact contracts require conduct of the parties manifesting assent." Heydt v. United States, 38 Fed. Cl. 286, 302 (1997) (citing Chavez v. United States, 18 Cl. Ct. 540, 545 (1989)). Central's complaint fails to allege any facts indicating negotiations or consultation between authorized agents of the Government and Central to contract for the transport of the Government's property. Central's complaint merely alleges that it provided services through Dispatch, purportedly the Government's "broker", and money for those services is now owed to Central. Compl. ¶ ¶ 4, 8, 9. The apparent failure of Dispatch to pay Central for transportation services does not demonstrate any intent to enter into a contract between Central and the United States; nor does it constitute evidence of the existence of any contractual relationship or privity of contract between Central and the United States.

Second, Central's complaint fails to allege facts establishing the existence of consideration. The complaint fails to allege a bargain between the parties upon which the Government agreed to provide payment or other compensation to Central or made a promise to Central in exchange for its services.

Third, Central's complaint neither alleges nor demonstrates an unambiguous offer and acceptance between Central and an authorized agent of the Government. See Heydt, 38 Fed. Cl. at 300 (the party asserting the existence of an implied-in-fact contract must show evidence from which a willingness to enter into a contract may be inferred; citations omitted)). Central's complaint fails to allege that Central ever made an unambiguous and unconditional offer, or

tender, to perform transportation services for the Government for a set price. Nor does Central's complaint allege that the Government itself directly accepted any offer of services from Central.

Finally, any alleged contract between Central and the Government is not binding upon the Government unless the agreement is entered into by a representative with actual authority to bind the Government. Town of Floyd v. United States, 34 Fed. Cl. 170, 173 (1995). Central's complaint fails to allege that it had any arrangements or contact with any agent authorized to bind the Government in contract. Central's only contact appears to have been with Dispatch, a commercial transportation broker purportedly working for the Government. Compl. ¶ 4. Central has alleged no dealings, contact, or association with any officer of the Government. Accordingly, Central's complaint neither alleges nor demonstrates that Central entered into a contract with anyone vested with actual authority to contract on behalf of the Government. Consequently, Central's allegations are facially insufficient to establish any of the required elements of a contract with the Government.[2]

## III. Central Has Failed To Demonstrate The Existence of Privity Of Contract

Central's claims further fail because it has not demonstrated or sufficiently alleged privity of contract with the Government, or an exception to that requirement. "As a prerequisite to jurisdiction in this Court, a plaintiff asserting a contract claim must have privity of contract with the Government." Globex Corp. v. United States, 54 Fed. Cl. 343, 347 (Fed. Cl. 2002) (citing

[2] In the absence of a contract, an action brought pursuant to the Tucker Act must identify a constitutional, statutory or regulatory provision mandating payment of monetary damages. Smith v. United States, 51 Fed. Cl. 36, 37 (2001). The complaint in this action fails to identify or even allege the existence of a money-mandating provision upon which a claim for damages could be based. Central's complaint merely asserts that it provided services to the Government through Dispatch, and money for those service is now owed. Compl. ¶ 4. Central fails to provide any detail as to any statutory basis for an obligation by the Government to pay Central.

Nat'l Leased Hous. Ass'n v. United States, 105 F.3d 1423, 1345 (Fed. Cir. 1997)). "A finding of privity between the plaintiff and the Government is a jurisdictional prerequisite for a contract claim because '[t]he government consents to be sued only by those with whom it has privity of contract.'" Id. (citing Erikson Air Crane v. United States, 731 F.2d 810, 813 (Fed. Cir. 1984)). "Because subcontractors typically are not in privity of contract with the Government, the well-entrenched general rule is that subcontractors cannot directly sue the Government." Id. (citing United States v. Johnson Controls, Inc., 713 F.2d 1541, 1550 (Fed. Cir. 1983)).

Courts, at times, have recognized limited exceptions to this well-entrenched rule when a plaintiff subcontractor is said to "stand in the shoes" of a party with privity. Arakaki v. United States, 71 Fed. Cl. 509, 521 (2006) (citing First Hartford Corp. Pension Plan & Trust v. United States, 194 F.3d 1279, 1289 (Fed. Cir. 1999)). Courts have also recognized that in rare instances privity of contract with the Government and a subcontractor may exist when the subcontractor is able to demonstrate that the prime contractor is a "mere government agent." Globex Corp., 54 Fed. Cl. at 347-48 (citing Johnson Controls, Inc., 713 F.2d at 1551)). Again, however, because a waiver of sovereign immunity must be strictly construed, this Court must narrowly construe allegations of privity of contract. See, e.g., id. at 348.

Central has failed to demonstrate, or even allege, that it is either standing in the shoes of Dispatch or that Dispatch was acting as a Government agent. First, Central is not claiming to be standing in the shoes of Dispatch because Dispatch is also named as a defendant, and Central is seeking to recover the amount allegedly owed from either Dispatch or the United States. Compl. ¶¶ 8, 9. Accordingly, Dispatch appears to have subcontracted with Central to provide services to the United States. However, "it is well-established that a subcontractor cannot recover directly

from the United States for amounts owed it by a prime." Guardsman Elevator Co. v. United States, 50 Fed. Cl. 577, 581 n.5 (2001) (citation omitted).

Similarly, Central has failed to allege sufficiently that Dispatch was acting as a Government agent such that privity between the Government and Central could be deemed.

> In order to succeed on this "deemed privity" theory . . . a subcontractor must demonstrate that: the prime contractor was (1) acting as a purchasing agent for the government, (2) the agency relationship between the government and the prime contractor was established by clear contractual consent, and (3) the contract stated that the government would be directly liable to the vendors for the purchase price.

Globex Corp., 54 Fed. Cl. at 347-48 (citing Johnson Controls, 713 F.2d at 1551). "Courts look to the provisions of the prime contract to determine whether or not an agency relationship can be implied between the Government and the prime contractor." Id. (citations omitted). Central makes only conclusory allegations that Dispatch acted as the Government's "broker." Compl. ¶ 4. Conclusory allegations, however, are patently insufficient to satisfy the elements of this narrowly construed exception to the well-established rule. "Consequently, this Court is proscribed from finding a waiver of sovereign immunity unless a contractor . . . has completely satisfied all of the elements of a recognized exception to the requirement of direct privity of contract, such as the 'deemed privity' exception articulated in the law of the Federal Circuit." Globex Corp., 54 Fed. Cl. At 348.

Central has, therefore, in addition to failing to sufficiently allege the existence of an express or implied-in-fact contract, has also failed to demonstrate or to allege sufficiently that it is either standing in the shoes of Dispatch or that Dispatch was acting as a Government agent. This Court therefore does not possess jurisdiction to adjudicate Count I of plaintiff's complaint.

## IV. This Court Does Not Possess Jurisdiction To Entertain Central's Unjust Enrichment Claim

"It is well-established that the Court of Federal Claims does not have the power to grant remedies generally characterized as those implied-in-law, that is equity-based remedies, as distinct from those based on actual contractual relationships." Ferreiro v. United States, 72 Fed. Cl. 1, 5 n.3 (2006) (quoting Am. Tel. & Tel. Co. v. United States, 124 F.3d 1471, 1479 (Fed. Cir. 1997)). A claim of unjust enrichment is equitable in nature, and not based upon a contractual relationship between the parties. See Enron Federal Solutions, Inc. v. United States, 80 Fed. Cl. 382, 409 (2008) (citing Aetna Cas. & Sur. Co. v. United States, 228 Ct. Cl. 146, 655 F.2d 1047 (1981)). An unjust enrichment theory of recovery "is therefore based upon a contract implied in law, over which this court has not been given jurisdiction." Id. (quoting same). While the Court of Appeals for the Federal Circuit and this Court have permitted recovery based upon *quantum meruit*, that occurs only in very limited circumstances, which have not been alleged here. Id. (citations omitted). Those limited circumstances occur only "where a plaintiff provides services or goods to the government pursuant to an *attempted* express contract, but either some defect prevents an express contract from actually coming into existence or the government simply refuses to pay." Id. (citations and internal footnote omitted). As discussed above, Central has not alleged the existence of an express contract between itself and the United States. Accordingly, the narrow instances in which recovery under *quantum meruit* may be available are not present in this case.

This Court therefore does not possess jurisdiction to entertain Count II of the complaint.

## CONCLUSION

For these reasons, the United States respectfully requests that this Court dismiss Central's complaint pursuant to RCFC 12(b)(1).

Respectfully submitted,

GREGORY G. KATSAS
Assistant Attorney General

JEANNE E. DAVIDSON
Director

/s Brian M. Simkin
BRIAN M. SIMKIN
Assistant Director

/s Courtney E. Sheehan
COURTNEY E. SHEEHAN
U.S. Department of Justice
Trial Attorney
Commercial Litigation Branch
Civil Division
1100 L Street, N.W.
Attn: Classification Unit, 8th Floor
Washington, DC 20530
Tel. (202) 353-7995
Fax. (202) 514-8624

Attorneys for Defendant

Of Counsel:
LISA M. SATTERFIELD
Department of the Army
Litigation Attorney
901. N. Stuart Street, Suite 400
Arlington, VA 22203
Tel. (703) 696-1564
Fax. (703) 696-2532

CERTIFICATE OF FILING

I hereby certify that on this 14th day of August, 2008, a copy of the foregoing "DEFENDANT'S MOTION TO DISMISS" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. The parties may access this filing through the Court's system.

/s/ Courtney E. Sheehan